UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Kids2, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. _____ |
| | ) | |
| Dorel Juvenile Group, Inc., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Kids2, LLC ("Kids2" or "Plaintiff"), by its undersigned counsel, hereby alleges, with knowledge with respect to its own acts and on information and belief as to other matters, the following in support of its Complaint against Dorel Juvenile Group, Inc. ("Dorel" or "Defendant").

## Nature of the Action

2.      Kids2 brings this action for patent infringement in order to seek remedies for Defendant Dorel's infringement of Kids2's patents covering certain convertible high chair products (U.S. Patent Nos. 9,101,225; 9,883,749; 10,278,513; 10,835,053; 11,534,006; and 11,653,771), collectively the "Asserted Patents."

3.      As explained below, Dorel has infringed (both directly and/or indirectly, as well as literally and/or by equivalents), and continues to infringe the Asserted Patents by making, using, importing, selling, and/or offering to sell products covered by one or more patent claims within the United States, and/or by contributing to or inducing such infringement.

4.      This action arises under the patent laws of the United States, including Title 35, United States Code.

**Parties**

5.      Kids2, LLC ("Kids2" or "Plaintiff") is a Georgia limited liability company with a principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta GA 30305.

6.      Kids2 is a leading provider of solutions for parents and growing families, and designs and manufactures a variety of innovative products for children and their caretakers. Kids2 has developed innovative and award-winning designs and inventions for over 50 years. Kids2 product brands include Baby Einstein®, Bright Starts®, Ingenuity®, ity by Ingenuity®, Summer® by Ingenuity®, and SwaddleMe® by Ingenuity®.

7.      Defendant Dorel Juvenile Group, Inc. ("Dorel" or "Defendant") is a corporation organized and existing under the laws of Massachusetts, having a principal place of business at 25 Forbes Blvd., Suite 4, Foxboro, MA, 02035, and a registered agent at 84 State Street, Boston, MA 02109.

8.      Dorel has several baby and juvenile product brands including Maxi-Cosi, Tiny Love, Safety 1st, Cosco, BebeConfort and Infanti. *See* https://doreljuvenile.com/our-brands.

**Jurisdiction, and Venue**

9.      This action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

10.     This Court has personal jurisdiction over Dorel at least because Dorel is incorporated in the Commonwealth of Massachusetts.  This Court also has personal jurisdiction over Dorel at least because Dorel operates its business out of the Commonwealth of Massachusetts and purports to be headquartered within the Commonwealth of Massachusetts.  Additionally,

Dorel has committed acts of infringement within the Commonwealth of Massachusetts, including by, at least, selling infringing products within the Commonwealth of Massachusetts.

11.     Venue is proper in the District of Massachusetts under 28 U.S.C. §§ 1391 & 1400(b) as Dorel has its principal place of business in Massachusetts, regularly conducts business within this District, has a regular and established place of business in this District, and has committed acts of infringement within this District.

12.     Specifically, Dorel maintains its principal place of business in this District at 25 Forbes Blvd., Suite 4, Foxboro, MA, 02035 (the "USA Head Office" for "Design and Development"), and from that location, conducts and/or directs the acts of accused infringement in this action.[1]

13.     Dorel has a large employee base in the Boston area, including Dorel's Director of Design Engineering Don Hendry and Intellectual Property Manager Ruthann Torgimson, as well as various other design, engineer, and sales and marketing employees.[2]

14.     Dorel conducts business in this District by making, using, shipping, distributing, offering for sale, selling, and advertising (including through its interactive web page) its products, including products covered by one or more patent claims, in this District and across the Commonwealth of Massachusetts.[3,4] Dorel Juvenile's infringing activities include selling to

---

[1] https://www.dorel.com/pages/operating-locations

[2] https://www.linkedin.com/in/don-hendry-3a1779a/

https://www.linkedin.com/in/ruthann-torgrimson-2a7a361a/

[3] https://doreljuvenile.com/our-brands

[4] https://doreljuvenile.com/node/33

retailers, including Walmart and Target, who then sell infringing products in retail stores and/or online within this District.[5, 6]

## THE ASSERTED PATENTS

### High Chair Patents

15.     U.S. Patent Nos. 9,101,225 (the "'225 Patent"); 9,883,749 (the "'749 Patent"); 10,278,513 (the "'513 Patent"); 10,835,053 (the "'053 Patent"); 11,534,006 (the "'006 Patent"); and 11,653,771 (the "'771 Patent) are collectively referred to as the "High Chair Patents." Each of the High Chair Patents share a common specification, which describes a "convertible children's highchair" that "is adapted such that it can be converted for use by children of varying ages." *See* '225 Patent, 2:50-52.

16.     The shared specification goes on to describe different configurations of the convertible high chair, including a "toddler high chair", a "infant high chair," and a "infant booster seat":

> [I]n one embodiment, the high chair's first child seat may be configured as a toddler seat dimensioned for toddler-age children. As such, when the second child seat is detached, the high chair functions in a first configuration as a toddler high chair. In addition, the second child seat may be configured as an infant booster seat dimensioned for infant-age children. As such, when the second child seat is coupled to the first child seat, the high chair functions in a second configuration as an infant high chair. In such embodiments, the second child seat may also include a base surface configured to stably support the second child seat on a separate support surface (e.g., without the need to be attached to or mounted on a separate base or support member). As such, when the second child seat is detached, it may function on its own in a third configuration as an infant booster seat.

---

[5] *E.g.*, https://www.target.com/p/safety-1st-grow-and-go-rotating-high-chair-french-gray/-/A-89399438#lnk=sametab

[6] *E.g.*, https://www.walmart.com/ip/Monbebe-Fusion-Reclining-Highchair-with-8-Modes-of-Use-Stardust/712019436

4

'225 Patent, 2:52-3:1.

17.    These exemplary configurations are illustrated in the Figures 1, 2, and 7 of the '225

Patent labelled below:



**Toddler High Chair**      **Infant High Chair**      **Infant Booster Seat**

U.S. Patent No. 9,101,225 (the '225 Patent)

18.    Kids2 is the owner of all rights, title and interest including the right to bring a suit

for both ongoing and past patent infringement – in the '225 Patent, entitled "Convertible High

Chair". The '225 Patent was granted on August 11, 2015 from Application No. 13/614,863 and

lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '225 Patent claims

priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

19.    Claim 1 of the '225 Patent claims the following:

1. A convertible children's high chair comprising:
   a frame configured for resting on a floor;
   a first child seat defining a first seating surface, the first child seat being coupled to
       the frame and supported above the floor; and
   a second child seat defining a second seating surface, the second child seat
       configured for being removably coupled to the first child seat;

5

wherein the second child seat defines a base surface configured for engaging the first seating surface of the first child seat when the second child seat is coupled to the first child seat and for resting directly on a flat support surface and thereby supporting the second child seat in a stable upright position on the flat support surface when the second child seat is decoupled from the first child seat.

### U.S. Patent No. 9,883,749 (the '749 Patent)

20.     Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '749 Patent, entitled "Convertible High Chair". The '749 Patent was granted on February 6, 2018 from Application No. 14/742,132 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '749 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

21.     Claim 1 of the '749 Patent claims the following:

1. A convertible children's high chair comprising:
    a first seat assembly comprising a frame configured for resting on a floor, and a first child seat attached to the frame and supported above the floor by the frame; and
    a second child seat comprising a base portion and a seatback portion, wherein the same base portion both engages the first seat assembly when the second child seat is coupled to the first seat assembly in a high chair configuration, and also rests directly on a flat support surface without the need for a separate support member between the base portion and the flat support surface to independently support the second child seat in a stable upright position on the flat support surface when the second child seat is decoupled from the first seat assembly in a booster seat configuration.

### U.S. Patent No. 10,278,513 (the '513 Patent)

22.     Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '513 Patent, entitled "Convertible High Chair". The '513 Patent was granted on May 7, 2019 from Application No. 15/670,170 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '513 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

23.     Claim 1 of the '513 Patent claims the following:

1. A convertible high chair convertible between a high chair configuration and a booster seat configuration, the convertible high chair comprising:

> a first seating assembly comprising a support frame and a first child seat mounted to the support frame, the support frame comprising a pair of front leg frame members extending downwardly from the first child seat, and a pair of back leg frame members extending downwardly from the first child seat; and
>
> a second child seat configured for use in the high chair configuration and in the booster seat configuration, wherein the second child seat is detachably coupled to the first child seat with a base portion of the second child seat supported over the first child seat in the high chair configuration, and wherein the second child seat is detached from the first child seat with the base portion of the second child seat configured to rest directly on a generally flat support surface and support the second child seat in a stable upright position on the generally flat support surface in the booster seat configuration.

<u>U.S. Patent No. 10,835,053 (the '053 Patent)</u>

24.     Kids2 is the owner of all rights, title and interest including the right to bring a suit for both ongoing and past patent infringement – in the '053 Patent, entitled "Convertible High Chair". The '053 Patent was granted on November 17, 2020 from Application No. 16/367,832 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '053 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

25.     Claim 1 of the '053 Patent claims the following:

1. A convertible high chair comprising:

> a frame configured for resting on a support surface, the frame including a plurality of upwardly extending frame members;
>
> a first child seat supported in an elevated position above the support surface by the upwardly extending frame members, the first child seat comprising a first seating surface;
>
> a second child seat comprising a second seating surface, and a base surface, wherein the base surface of the second child seat is dimensioned to nest within the first child seat in a high chair configuration when the second child seat is coupled to the high chair, and wherein the base surface of the second child seat is also configured to provide a stable platform on which the second child seat rests on a separate support surface, without the need for a separate base or support member, in a booster seat configuration when the second child seat is decoupled from the high chair.

U.S. Patent No. 11,534,006 (the '006 Patent)

26.     Kids2 is the owner of all rights, title and interest including the right to bring a suit

for both ongoing and past patent infringement – in the '006 Patent, entitled "Convertible High

Chair". The '006 Patent was granted on December 27, 2022 from Application No. 17/070,719 and

lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The '006 Patent claims

priority to Provisional Application No. 61/533,927, filed on September 13, 2011.

27.     Claim 1 of the '006 Patent claims the following:

1. A convertible children's highchair comprising: a frame configured for resting on a floor;
a first child seat defining a first seating surface, the first child seat being coupled to the
frame with the first seating surface supported above the floor; and a second child seat
comprising an upper portion defining a second seating surface configured for supporting a
child, and a lower portion having a lower surface configured for resting on a flat support
surface and supporting the second child seat in a stable upright position on the flat support
surface, wherein the upper and lower portions of the second child seat are configured for
detachably coupling to the first child seat.

U.S. Patent No. 11,653,771 (the '771 Patent)

28.     Kids2 is the owner of all rights, title and interest including the right to bring a suit

for both ongoing and past patent infringement – in the '771 Patent, entitled "Booster Seat for

Convertible High Chair". The '771 Patent was granted on May 23, 2023 from Application No.

17/467,575 and lists Jessica Kostyniak, Jacob Sclare, and Daniel Corso as inventors. The face of

the '771 Patent claims priority to Provisional Application No. 61/533,927, filed on September 13,

2011.

29.     Claim 1 of the '771 Patent claims the following:

1. A child seat configured to be removably coupled to a high chair seat assembly,
comprising:
         a base portion;
         a seating surface configured to support a child thereon; and
         first and second shoulders extending upwardly from first and second sides of the
               seating surface;

wherein said child seat is configured to fit securely on top of the high chair seat assembly in a first mode of operation;

wherein said base portion is configured to rest on a flat support surface without the need of an additional separate support member between the flat support surface and said base portion in a second mode of operation; and

wherein the base portion comprises recesses below the first and second shoulders, said recesses configured to receive corresponding shoulder portions of the high chair seat assembly in the first mode of operation.

30.     Claim 21 of the '771 Patent claims the following:

21. A booster seat compatible for use with a convertible high chair, the high chair comprising a frame and a first child support surface, the booster seat comprising:

an upper surface defining a second child support surface separate from the first child support surface of the high chair; and wherein said child seat is configured to fit securely on top of the high chair seat assembly in a first mode of operation; and

a base surface generally opposite the upper surface, the base surface comprising a surface profile that is generally complementary to at least a portion of the first child support surface for mounting the booster seat on the highchair in a first configuration with at least a portion of the base surface of the booster seat positioned directly over the first child support surface of the highchair, and wherein the base surface is configured for resting directly on a generally flat support surface and supporting the booster seat in a stable upright position on the generally flat support surface in a second configuration with the booster seat detached from the highchair.

## THE KIDS2 INGENUITY TRIO 3-IN-1 HIGH CHAIR

31.     Kids2 has developed and sells the Trio 3-In-1 High Chair and the Trio Elite 3-in-1 High Chair (collectively the "Trio") through its Ingenuity® brand, and various variants thereof.

32.     Kids2 has been selling its Trio high-chair family of products since at least 2014.

33.     As shown in pictures below, the Trio easily transitions from a traditional high chair to a chair top booster to a dining chair and toddler seat, and the booster seat is specifically designed so as to be stable on a chair without a separate base.



34.     The Trio high chair, which incorporates the patented technology of the Asserted High Chair Patents, has been extremely successful and remains popular today.

35.     The Trio practices at least one claim in each of the Asserted High Chair Patents (i.e., U.S. Patent Nos. 9,101,225; 9,883,749; 10,278,513; 10,835,053; 11,534,006; and 11,653,771).

36.     As such, the Trio has been and continues to be marked in conformance with 35 U.S.C. § 287(a), such that customers are directed to a list of Kids2 patents covering the Trio products at https://www.kids2.com/pages/patents.

## THE ACCUSED HIGH CHAIR PRODUCTS

37.     Dorel is and has been engaged in selling in the United States, offering for sale in the United States, and/or importing into the United States various high chair products, which infringe one or more claims of the Asserted Patents.

38.    For example, Dorel sells/offers to sell the Maxi Cosi Minla 6-in-1 High Chair on the Maxi Cosi website as shown in the screenshot below of the listing found at https://www.maxicosi.com/us-en/minla-6-in-1-high-chair-hc258-mc-us-en.html



39.    Dorel has also sold the Maxi Cosi Minla 6-in-1 High Chair to at least Amazon, which then sells/offers to sell this product to customers who use it, as shown below in the screenshot of the listing found at: https://www.amazon.com/Maxi-Cosi-Minla-Chair-Essential-Graphite/dp/B08DGS9K7D



40.     As another example, Dorel sells/offers to sell the Maxi Cosi Moa 8-in-1 High Chair on the Maxi Cosi website as shown in the screenshot below of the listing found at https://www.maxicosi.com/us-en/moa-8-in-1-high-chair-hc272-mc-us-en.html



41.     Dorel also has sold the Maxi Cosi Moa 8-in-1 High Chair to at least Amazon, which then sells/offers to sell this product to customers who use it, as shown below in the screenshot of the listing found at: https://www.amazon.com/Maxi-Cosi-Highchair-Washable-Lightweight-Essential/dp/B0BCR1WM9S



42.     As another example, Dorel has sold the Monbebe Fusion Reclining Highchair to at least Walmart, who then sells/offers to sell this product to customers who use it, as shown in the screenshot below of the listing found at https://www.walmart.com/ip/Monbebe-Fusion-Reclining-Highchair-with-8-Modes-of-Use-Stardust/712019436



43.     As another example, Dorel sells/offers to sell the Safety 1st Grow and Go High Chair on the Safety 1st Website as shown in the screenshot below of the listing found at https://www.safety1st.com/us-en/grow-and-go-rotating-high-chair-hc287-s1-us-en.html



44.     Dorel also has sold the Safety 1st Grow and Go High Chair to at least Walmart, who then sells/offers to sell this product to customers who use it, as shown below in the screenshot of the listing found at https://www.walmart.com/ip/Safety-1st-Grow-and-Go-Rotating-High-Chair-Soft-Ash/1470165206



## COUNT I: Infringement of U.S. Patent No. 9,101,225

45.    The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

46.    U.S. Patent No. 9,101,225 (the "'225 Patent") is valid and enforceable.

47.    Dorel, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claims 1-3 of the '225 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '225 Patent, either literally or under the doctrine of equivalents, including by way of example, the Maxi Cosi Moa 8-in-1 High Chair, Monbebe Fusion Reclining Highchair, and Safety 1st Grow and Go Rotating High Chair ("Moa/Fusion/Grow High Chairs").

16

48.     Dorel has knowingly induced and/or contributed to infringement of the '225 Patent, at least by the date of pre-suit negotiations which took place on May 15, 2024, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

49.     Each of the Moa/Fusion/Grow High Chairs infringe at least claim 1 of the '225 Patent.

50.     By way of example, each of the Moa/Fusion/Grow High Chairs is a convertible children's high chair that comprises a frame configured for resting on a floor as shown in the pictures below.

 

**Maxi Cosi Moa**          **Monbebe Fusion**          **Safety 1st Grow and Go**
**8-in-1 High Chair**       **Reclining Highchair**      **Rotating High Chair**

51.     Each of the Moa/Fusion/Grow High Chairs additionally comprises a first child seat defining a first seating surface, the first child seat being coupled to the frame and supported above the floor as shown in the pictures below.

  

**Maxi Cosi Moa
8-in-1 High Chair**

**Monbebe Fusion
Reclining Highchair**

**Safety 1st Grow and Go
Rotating High Chair**

52.     Each of the Moa/Fusion/Grow High Chairs additionally comprises a second child seat defining a second seating surface, the second child seat configured for being removably coupled to the first child seat; wherein the second child seat defines a base surface configured for engaging the first seating surface of the first child seat when the second child seat is coupled to the first child seat and for resting directly on a flat support surface and thereby supporting the second child seat in a stable upright position on the flat support surface when the second child seat is decoupled from the first child seat as shown in the pictures below.





**Maxi Cosi Moa**
**8-in-1 High Chair**    **Monbebe Fusion**
**Reclining Highchair**    **Safety 1st Grow and Go**
**Rotating High Chair**





**Maxi Cosi Moa**
**8-in-1 High Chair**    **Monbebe Fusion**
**Reclining Highchair**    **Safety 1st Grow and Go**
**Rotating High Chair**

53.     Each of the Moa/Fusion/Grow High Chairs also infringes at least claim 2 of the '225 Patent. For example, the surface profile of the base surface of the second child seat of each of the Moa/Fusion/Grow High Chairs is substantially complimentary to the surface profile of the first seating surface and the second child seat is configured such that, when the second child seat is coupled to the first child seat, the second child seat's base surface engages the first seating surface as shown in the pictures below.





**Maxi Cosi Moa**
**8-in-1 High Chair**    **Monbebe Fusion**
**Reclining Highchair**    **Safety 1st Grow and Go**
**Rotating High Chair**

54.     Each of the Moa/Fusion/Grow High Chairs also infringes at least claim 3 of the '225 Patent. For example, the surface profile of the base surface of the second child seat of each of the Moa/Fusion/Grow High Chairs is substantially flat as shown in the pictures below.





**Maxi Cosi Moa**
**8-in-1 High Chair**    **Monbebe Fusion**
**Reclining Highchair**    **Safety 1st Grow and Go**
**Rotating High Chair**

55.     Dorel has directly infringed and continues to directly infringe at least claims 1-3 of the '225 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Moa/Fusion/Grow High Chairs as described in the preceding paragraphs.

56.     Dorel has actual knowledge of the '225 Patent, as well as knowledge of infringement of the '225 Patent, at least by May 15, 2024 during pre-suit negotiations, and prior to that date was at least willfully blind to the '225 Patent and its infringement.

57.     Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Dorel's infringement.

58.     Dorel's prior and ongoing infringement is willful and deliberate.

59.     Dorel's conduct in infringing the '225 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### COUNT II: Infringement of U.S. Patent No. 9,883,749

60.     The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

61.     U.S. Patent No. 9,883,749 (the "'749 Patent") is valid and enforceable.

62.     Dorel, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claims 1, 5 and 6 of the '749 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '749 Patent, either literally or under the doctrine of equivalents, including by way of example, the Moa/Fusion/Grow High Chairs.

63.     Dorel has knowingly induced and/or contributed to infringement of the '749 Patent, at least by the date of pre-suit negotiations which took place on May 15, 2024, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

64.     Each of the Moa/Fusion/Grow High Chairs infringe at least claim 1 of the '749 Patent.

65.     By way of example, each of the Moa/Fusion/Grow High Chairs is a convertible children's high chair that comprises a first seat assembly comprising a frame configured for resting on a floor as shown in the pictures below.

  

**Maxi Cosi Moa**          **Monbebe Fusion**          **Safety 1st Grow and Go**
**8-in-1 High Chair**      **Reclining Highchair**     **Rotating High Chair**

66.     Each of the Moa/Fusion/Grow High Chairs additionally comprises a first seat assembly comprising a first child seat attached to the frame and supported above the floor by the frame as shown in the pictures below.





**Maxi Cosi Moa**
**8-in-1 High Chair**

**Monbebe Fusion**
**Reclining Highchair**

**Safety 1st Grow and Go**
**Rotating High Chair**

67.    Each of the Moa/Fusion/Grow High Chairs additionally comprises a second child seat comprising a base portion and a seatback portion, wherein the same base portion both engages the first seat assembly when the second child seat is coupled to the first seat assembly in a high chair configuration, and also rests directly on a flat support surface without the need for a separate support member between the base portion and the flat support surface to independently support the second child seat in a stable upright position on the flat support surface when the second child seat is decoupled from the first seat assembly in a booster seat configuration as shown in the pictures below.





**Maxi Cosi Moa**
**8-in-1 High Chair**

**Monbebe Fusion**
**Reclining Highchair**

**Safety 1st Grow and Go**
**Rotating High Chair**





**Maxi Cosi Moa**
**8-in-1 High Chair**

**Monbebe Fusion**
**Reclining Highchair**

**Safety 1st Grow and Go**
**Rotating High Chair**

68.     Each of the Moa/Fusion/Grow High Chairs also infringes at least claims 5 and 6 of the '749 Patent. For example, the base portion of the second child seat's base surface of each of the Moa/Fusion/Grow High Chairs is dimensioned for placement on a standard adult chair when the second child seat is decoupled from the first seat assembly, the flat support surface comprising the seating surface of the standard adult chair, and the second child seat includes one or more straps configured for securing the second child seat to the standard adult chair as shown in the pictures below.





**Maxi Cosi Moa
8-in-1 High Chair**     **Monbebe Fusion
Reclining Highchair**     **Safety 1st Grow and Go
Rotating High Chair**

69.    Dorel has directly infringed and continues to directly infringe at least claims 1, 5 &
6 of the '749 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by
selling and/or offering to sell the Moa/Fusion/Grow High Chairs as described in the preceding
paragraphs.

70.    Dorel has actual knowledge of the '749 Patent, as well as knowledge of
infringement of the '749 Patent, at least by May 15, 2024 during pre-suit negotiations, and prior
to that date was at least willfully blind to the '749 Patent and its infringement.

71.    Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately
compensate for Dorel's infringement.

72.    Dorel's prior and ongoing infringement is willful and deliberate.

73.    Dorel's conduct in infringing the '749 Patent renders this case exceptional within
the meaning of 35 U.S.C. § 285.

**COUNT III: Infringement of U.S. Patent No. 10,278,513**

74.    The allegations of each of the foregoing paragraphs are incorporated by reference
as if fully set forth herein.

25

75.     U.S. Patent No. 10,278,513 (the "'513 Patent") is valid and enforceable.

76.     Dorel, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claims 1 and 5 of the '513 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '513 Patent, either literally or under the doctrine of equivalents, including by way of example, the Moa/Fusion/Grow High Chairs.

77.     Dorel has knowingly induced and/or contributed to infringement of the '513 Patent, at least by the date of pre-suit negotiations which took place on May 15, 2024, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

78.     Each of the Moa/Fusion/Grow High Chairs infringe at least claim 1 of the '513 Patent.

79.     By way of example, each of the Moa/Fusion/Grow High Chairs is a convertible high chair convertible between a high chair configuration and a booster seat configuration, the convertible high chair comprising a first seating assembly comprising a support frame and a first child seat mounted to the support frame as shown in the pictures below.





**Maxi Cosi Moa**          **Monbebe Fusion**          **Safety 1st Grow and Go**
**8-in-1 High Chair**       **Reclining Highchair**      **Rotating High Chair**

80.     Each of the Moa/Fusion/Grow High Chairs additionally comprises a support frame comprising a pair of front leg frame members extending downwardly from the first child seat, and a pair of back leg frame members extending downwardly from the first child seat as shown in the pictures below.





**Maxi Cosi Moa**          **Monbebe Fusion**          **Safety 1st Grow and Go**
**8-in-1 High Chair**       **Reclining Highchair**      **Rotating High Chair**

81.    Each of the Moa/Fusion/Grow High Chairs additionally comprises a second child seat configured for use in the high chair configuration and in the booster seat configuration, wherein the second child seat is detachably coupled to the first child seat with a base portion of the second child seat supported over the first child seat in the high chair configuration, and wherein the second child seat is detached from the first child seat with the base portion of the second child seat configured to rest directly on a generally flat support surface and support the second child seat in a stable upright position on the generally flat support surface in the booster seat configuration as shown in the pictures below.

  

**Maxi Cosi Moa**
**8-in-1 High Chair**
 
**Monbebe Fusion**
**Reclining Highchair**
 
**Safety 1st Grow and Go**
**Rotating High Chair**





**Maxi Cosi Moa
8-in-1 High Chair**

**Monbebe Fusion
Reclining Highchair**

**Safety 1st Grow and Go
Rotating High Chair**

82.     Each of the Moa/Fusion/Grow High Chairs also infringes at least claim 5 of the '513 Patent. For example, the base portion of the second child seat of each of the Moa/Fusion/Grow High Chairs is configured to rest directly on the generally flat support surface of a seat of a standard adult chair as shown in the pictures below.





**Maxi Cosi Moa
8-in-1 High Chair**

**Monbebe Fusion
Reclining Highchair**

**Safety 1st Grow and Go
Rotating High Chair**

83.     Dorel has directly infringed and continues to directly infringe at least claims 1 and 5 of the '513 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Moa/Fusion/Grow High Chairs as described in the preceding paragraphs.

84.     Dorel has actual knowledge of the '513 Patent, as well as knowledge of infringement of the '513 Patent, at least by May 15, 2024 during pre-suit negotiations, and prior to that date was at least willfully blind to the '513 Patent and its infringement.

85.     Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Dorel's infringement.

86.     Dorel's prior and ongoing infringement is willful and deliberate.

87.     Dorel's conduct in infringing the '513 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT IV: Infringement of U.S. Patent No. 10,835,053**

88.     The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

89.     U.S. Patent No. 10,835,053 (the "'053 Patent") is valid and enforceable.

90.     Dorel, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claims 1 and 8 of the '053 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '053 Patent, either literally or under the doctrine of equivalents, including by way of example, the Moa/Fusion/Grow High Chairs.

91.     Dorel has knowingly induced and/or contributed to infringement of the '053 Patent, at least by the date of pre-suit negotiations which took place on May 15, 2024, by inducing sales

of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

92.     Each of the Moa/Fusion/Grow High Chairs infringe at least claim 1 of the '053 Patent.

93.     By way of example, each of the Moa/Fusion/Grow High Chairs is a convertible high chair comprising a frame configured for resting on a support surface, the frame including a plurality of upwardly extending frame members as shown in the pictures below.

  

**Maxi Cosi Moa
8-in-1 High Chair**                  **Monbebe Fusion
Reclining Highchair**                  **Safety 1st Grow and Go
Rotating High Chair**

94.     Each of the Moa/Fusion/Grow High Chairs additionally comprises a first child seat supported in an elevated position above the support surface by the upwardly extending frame members, the first child seat comprising a first seating surface as shown in the pictures below.





**Maxi Cosi Moa
8-in-1 High Chair**

**Monbebe Fusion
Reclining Highchair**

**Safety 1st Grow and Go
Rotating High Chair**

95.    Each of the Moa/Fusion/Grow High Chairs additionally comprises a second child seat comprising a second seating surface, and a base surface, wherein the base surface of the second child seat is dimensioned to nest within the first child seat in a high chair configuration when the second child seat is coupled to the high chair, and wherein the base surface of the second child seat is also configured to provide a stable platform on which the second child seat rests on a separate support surface, without the need for a separate base or support member, in a booster seat configuration when the second child seat is decoupled from the high chair as shown in the pictures below.



**Maxi Cosi Moa
8-in-1 High Chair**



**Monbebe Fusion
Reclining Highchair**



**Safety 1st Grow and Go
Rotating High Chair**



**Maxi Cosi Moa
8-in-1 High Chair**



**Monbebe Fusion
Reclining Highchair**



**Safety 1st Grow and Go
Rotating High Chair**

  

**Maxi Cosi Moa**       **Monbebe Fusion**       **Safety 1st Grow and Go**
**8-in-1 High Chair**       **Reclining Highchair**       **Rotating High Chair**

96.     Each of the Moa/Fusion/Grow High Chairs also infringes at least claim 8 of the '053 Patent. For example, the base surface of the second child seat of each of the Moa/Fusion/Grow High Chairs is substantially flat as shown in the pictures below.

  

**Maxi Cosi Moa**       **Monbebe Fusion**       **Safety 1st Grow and Go**
**8-in-1 High Chair**       **Reclining Highchair**       **Rotating High Chair**

97.     Dorel has directly infringed and continues to directly infringe at least claims 1 and 8 of the '053 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by

selling and/or offering to sell the Moa/Fusion/Grow High Chairs as described in the preceding paragraphs.

98.     Dorel has actual knowledge of the '053 Patent, as well as knowledge of infringement of the '053 Patent, at least by May 15, 2024 during pre-suit negotiations, and prior to that date was at least willfully blind to the '053 Patent and its infringement.

99.     Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Dorel's infringement.

100.    Dorel's prior and ongoing infringement is willful and deliberate.

101.    Dorel's conduct in infringing the '053 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### COUNT V: Infringement of U.S. Patent No. 11,534,006

102.    The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

103.    U.S. Patent No. 11,534,006 (the "'006 Patent") is valid and enforceable.

104.    Dorel, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least claim 1 of the '006 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '006 Patent, either literally or under the doctrine of equivalents, including by way of example, Moa/Fusion/Grow High Chairs.

105.    Dorel has knowingly induced and/or contributed to infringement of the '006 Patent, at least by the date of pre-suit negotiations which took place on May 15, 2024, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

106.    Each of the Moa/Fusion/Grow High Chairs infringe at least claim 1 of the '006 Patent.

107.    By way of example, each of the Moa/Fusion/Grow High Chairs is a convertible children's high chair comprising a frame configured for resting on a floor as shown in the pictures below.

 

**Maxi Cosi Moa          Monbebe Fusion          Safety 1st Grow and Go
8-in-1 High Chair        Reclining Highchair      Rotating High Chair**

108.    Each of the Moa/Fusion/Grow High Chairs additionally comprises a first child seat being coupled to the frame with the first seating surface supported above the floor as shown in the pictures below.

36

  

**Maxi Cosi Moa**
**8-in-1 High Chair**              **Monbebe Fusion**              **Safety 1st Grow and Go**
                                   **Reclining Highchair**         **Rotating High Chair**

109.   Each of the Moa/Fusion/Grow High Chairs additionally comprises a second child seat comprising an upper portion defining a second seating surface configured for supporting a child, and a lower portion having a lower surface configured for resting on a flat support surface and supporting the second child seat in a stable upright position on the flat support surface, wherein the upper and lower portions of the second child seat are configured for detachably coupling to the first child seat as shown in the pictures above and below.



**Maxi Cosi Moa**
**8-in-1 High Chair**



**Monbebe Fusion**
**Reclining Highchair**



**Safety 1st Grow and Go**
**Rotating High Chair**



**Maxi Cosi Moa**
**8-in-1 High Chair**



**Monbebe Fusion**
**Reclining Highchair**



**Safety 1st Grow and Go**
**Rotating High Chair**





**Maxi Cosi Moa**          **Monbebe Fusion**          **Safety 1st Grow and Go**
**8-in-1 High Chair**        **Reclining Highchair**      **Rotating High Chair**

110.    Dorel has directly infringed and continues to directly infringe at least claim 1 of the '006 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Moa/Fusion/Grow High Chairs as described in the preceding paragraphs.

111.    Dorel has actual knowledge of the '006 Patent, as well as knowledge of infringement of the '006 Patent, at least by May 15, 2024 during pre-suit negotiations, and prior to that date was at least willfully blind to the '006 Patent and its infringement.

112.    Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Dorel's infringement.

113.    Dorel's prior and ongoing infringement is willful and deliberate.

114.    Dorel's conduct in infringing the '006 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

<u>**COUNT VI: Infringement of U.S. Patent No. 11,653,771**</u>

115.    The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

116.    U.S. Patent No. 11,653,771 (the "'771 Patent") is valid and enforceable.

117.     Dorel, in violation of 35 U.S.C. § 271, has directly and/or indirectly infringed and continues to directly and/or indirectly infringe at least one claim of the '771 Patent by making, using, offering to sell, selling, and/or importing the Accused Products that practice the claimed inventions in the '771Patent, either literally or under the doctrine of equivalents, including by way of example, the Moa/Fusion/Grow High Chairs as well as the Maxi Cosi Minla 6-in-1 High Chair.

118.     Dorel has knowingly induced and/or contributed to infringement of the '771 Patent, at least by the date of pre-suit negotiations which took place on May 15, 2024, by inducing sales of the accused products and inducing use and assembly of the accused products in the United States, and by selling or offering to sell components of the accused product in the United States.

119.     The Maxi Cosi Minla 6-in-1 High Chair infringes at least claim 1 of the '771 Patent.

120.     By way of example, the Maxi Cosi Minla 6-in-1 High Chair includes a child seat configured to be removably coupled to a high chair seat assembly, comprising a base portion and a seating surface configured to support a child thereon and first and second shoulders extending upwardly from first and second sides of the seating surface wherein said child seat is configured to fit securely on top of the high chair seat assembly in a first mode of operation as shown in the pictures below.

 

## Maxi Cosi Minla 6-in-1 High Chair

121.   Additionally, the base portion of the child seat included in the Maxi Cosi Minla 6-in-1 High Chair is configured to rest on a flat support surface without the need of an additional separate support member between the flat support surface and said base portion in a second mode of operation as shown in the picture below.



**Maxi Cosi Minla
6-in-1 High Chair**

122.    Additionally, the base portion of the child seat included in the Maxi Cosi Minla 6-in-1 High Chair comprises recesses below the first and second shoulders, said recesses configured to receive corresponding shoulder portions of the high chair seat assembly in the first mode of operation as shown in the pictures below.





**Maxi Cosi Minla 6-in-1 High Chair**

123.    Dorel has directly infringed and continues to directly infringe at least claim 1 of the '771 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Maxi Cosi Minla 6-in-1 High Chair as described in the preceding paragraphs.

124.    Each of the Moa/Fusion/Grow High Chairs infringe at least claim 21 of the '771 Patent.

125.    By way of example, each of the Moa/Fusion/Grow High Chairs includes a booster seat compatible for use with a convertible high chair, the high chair comprising a frame and a first child support surface as show in the pictures below.

  

**Maxi Cosi Moa**          **Monbebe Fusion**          **Safety 1st Grow and Go**
**8-in-1 High Chair**      **Reclining Highchair**     **Rotating High Chair**

  

**Maxi Cosi Moa**
**8-in-1 High Chair**

**Monbebe Fusion**
**Reclining Highchair**

**Safety 1st Grow and Go**
**Rotating High Chair**

126.    Additionally, the booster seat included in each of the Moa/Fusion/Grow High Chairs comprises an upper surface defining a second child support surface separate from the first child support surface of the high chair as shown in the pictures below.

  

**Maxi Cosi Moa**
**8-in-1 High Chair**

**Monbebe Fusion**
**Reclining Highchair**

**Safety 1st Grow and Go**
**Rotating High Chair**

127.    Additionally, the booster seat included in each of the Moa/Fusion/Grow High Chairs further comprises a base surface generally opposite the upper surface, the base surface comprising a surface profile that is generally complementary to at least a portion of the first child

44

support surface for mounting the booster seat on the highchair in a first configuration with at least a portion of the base surface of the booster seat positioned directly over the first child support surface of the highchair as shown in the pictures below.



**Maxi Cosi Moa
8-in-1 High Chair**



**Monbebe Fusion
Reclining Highchair**



**Safety 1st Grow and Go
Rotating High Chair**



**Maxi Cosi Moa
8-in-1 High Chair**



**Monbebe Fusion
Reclining Highchair**



**Safety 1st Grow and Go
Rotating High Chair**

128.    Additionally, the booster seat included in each of the Moa/Fusion/Grow High Chairs is configured for resting directly on a generally flat support surface and supporting the

booster seat in a stable upright position on the generally flat support surface in a second configuration with the booster seat detached from the highchair as shown in the pictures below.





**Maxi Cosi Moa**
**8-in-1 High Chair**
**Monbebe Fusion**
**Reclining Highchair**
**Safety 1st Grow and Go**
**Rotating High Chair**

129.    Dorel has directly infringed and continues to directly infringe at least claim 21 of the '771 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents by selling and/or offering to sell the Moa/Fusion/Grow High Chairs as described in the preceding paragraphs.

130.    Dorel has actual knowledge of the '771 Patent, as well as knowledge of infringement of the '771 Patent, at least by May 15, 2024 during pre-suit negotiations, and prior to that date was at least willfully blind to the '771 Patent and its infringement.

131.    Kids2 is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Dorel's infringement.

132.    Dorel's prior and ongoing infringement is willful and deliberate.

133.    Dorel's conduct in infringing the '771 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285

**DAMAGES**

134.    Kids2 is entitled to monetary damages adequate to compensate Kids2 for Dorel's infringement in an amount not less than the greater of a reasonable royalty for the use made of the patented inventions by Dorel or the lost profits suffered by Kids2 due to Dorel's infringement. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

135.    As explained in the preceding paragraphs, relative to products covered by the claims, Kids2 has marked in compliance with 35 U.S.C. § 287.  Accordingly, the period of recoverable damages is not limited by actual notice to Dorel of the High Chair Patents and Kids2 is entitled to monetary damages beginning six years prior to commencement of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

(a) a judgment that Defendant has directly and jointly infringed, indirectly infringed, induced others to infringe and/or contributed to others' infringement of one or more claims of each of the Patents-in-Suit;

(b) a permanent injunction under 35 U.S.C. § 283, enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of direct and joint infringement, inducing infringement, and/or contributing to infringement of the Patents-in-Suit;

(c) a judgment against Defendant for money damages sustained as a result of Defendant's infringement of the Patents-in-Suit in an amount to be determined at trial provided under 35 U.S.C. § 284, including enhanced damages due to,

for example, Defendant's willful infringement of the Patents-in-Suit and its

intentional and willful blindness;

(d) an award of pre-judgment and post-judgment interest on the damages caused by

Defendant's infringing activities and other conduct complained of herein;

(e) a finding that this case is an exceptional case under 35 U.S.C. § 285;

(f) an award of reasonable attorneys' fees and costs incurred in connection with this

action;

(g) a compulsory future royalty;

(h) any and all other relief as the Court finds just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Plaintiff hereby respectfully requests trial by jury under Rule 38 of the Federal Rules of

Civil Procedure on all issues in this action so triable.


Dated:  September 19, 2024                              Respectfully submitted,


                                                       _/s/ Ruben J. Rodrigues_____
                                                       Ruben J. Rodrigues MA Bar No. 676573
                                                       Amani S. Kmeid MA Bar No. 711302
                                                       Foley & Lardner LLP
                                                       111 Huntington Avenue
                                                       Boston, Massachusetts 02199
                                                       617.342.4000
                                                       617.342.4001